In re CAROLINA MOTOR EXPRESS, INC., I.D. NO. 56–1299892, Debtor.

Langdon M. COOPER, Trustee in Bankruptcy for Carolina Motor Express, Inc.,

and

Mark & Associates of North Carolina, Inc., Plaintiffs,

v.

CALIFORNIA CONSOLIDATED, ENTERPRISES, INC., Defendant.

Bankruptcy No. C–B–86–00226.
Adv. No. 86–0498.

United States Bankruptcy Court,
W.D. North Carolina,
Shelby Division.

March 25, 1987.

---

**774**

Langdon M. Cooper, Gastonia, N.C., Joseph L. Steinfeld, Jr., Washington, D.C., for plaintiff.

Stuart R. Childs, Charlotte, N.C., Robert J.S. Gallagher, Washington, D.C., for defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR REFERRAL TO INTERSTATE COMMERCE COMMISSION

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS MATTER coming before the Court on Motion of Defendant for leave to file pleadings with the Interstate Commerce Commission (I.C.C.) for a determination as to whether the freight charges asserted by the Plaintiffs constitute a reasonable practice, and for the Court to hold in abeyance its decision until the I.C.C. has ruled upon such charges; and final hearing on the Motion being conducted on March 20, 1987 in Shelby, North Carolina, with the undersigned U.S. Bankruptcy Judge presiding.

The Court finds that *Ex Parte No. MC–177 National Industrial Transportation League—Petition to Initiate Rulemaking on Negotiated Motor Common Carrier Rates,* decided by the I.C.C. on October 14, 1986, constitutes, at most, an invitation for courts to refer unreasonable practice cases for analysis. The Commission readily admits, that "[c]onsistent with the statutory scheme, the Court retains its authority to set the remedy and accept or reject the Commission's conclusions." *Ex Parte No. MC–177*, p. 8. Because this Court must ultimately be the arbiter of this cause, it finds that referral would involve an unnecessary delay in the resolution of this adversary proceeding.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Motion for Referral is DENIED.